UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE RUGGLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:25-cv-01000-JMS-CSW |
| | ) |
| HAMILTON COUNTY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Stephanie Ruggles had worked for Defendant Hamilton County for over twenty-two years when she applied for a position as Executive Director of Community Corrections ("Executive Director"). The Community Corrections Advisory Board ("Advisory Board") eventually selected Ms. Ruggles for the role and forwarded her name to the Hamilton County Commissioners ("County Commissioners") for its approval. The County Commissioners rejected Ms. Ruggles, rejected another female candidate, and eventually approved a male candidate for the position. Ms. Ruggles initiated litigation against Hamilton County in May 2025, asserting a claim for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Hamilton County has filed a Motion for Judgment on the Pleadings, which is ripe for the Court's consideration. [Filing No. 14.]

**I.**
**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Pleadings include "'the complaint, the answer, and any written instruments attached as exhibits.'" *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (quoting *N. Ind. Gun*

1

*& Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). "The district court may also take judicial notice of matters of public record" when analyzing a motion for judgment on the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

"Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party…is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). In considering a motion for judgment on the pleadings, the Court must "view[ ] all facts and inferences in the light most favorable to the non-moving party." *Federated Mut. Ins. Co.*, 983 F.3d at 313.

## II.
### BACKGROUND

The following are the factual allegations set forth in the Complaint, [Filing No. 1], which the Court must accept as true at this time.

### A.     Ms. Ruggles' Employment at Hamilton County

Ms. Ruggles began working for Hamilton County in 2001. [Filing No. 1 at 2.] From September 2001 to July 2007, she worked as a Residential Case Manager with Ralph Watson, who was the Executive Director. [Filing No. 1 at 3.] Thereafter, Ms. Ruggles served as the Director of Personnel, also alongside Mr. Watson, until February 2017. [Filing No. 1 at 3.] In February 2017, Ms. Ruggles became the Director of Hamilton County Pretrial Services, where she no longer worked directly with Mr. Watson. [Filing No. 1 at 3.]

### B.     Ms. Ruggles Applies For the Executive Director Position and Is Recommended By the Advisory Board

Around July 2024, Mr. Watson announced his intent to retire from the Executive Director position in January 2025. [Filing No. 1 at 2.] Ms. Ruggles applied for the position of Executive Director and was one of five applicants who received an interview with the interview committee

of the Advisory Board. [Filing No. 1 at 3.] The Advisory Board is made up of twenty individuals from the community, some of whom are appointed by the County Commissioners. [Filing No. 1 at 3.] After the interviews, the Advisory Board's interview committee identified three top candidates – Ms. Ruggles; Kevin Mulroony, a male internal candidate; and a female external candidate. [Filing No. 1 at 3.]

Subsequently, the members of the Advisory Board's interview committee notified Ms. Ruggles that they had chosen her for the Executive Director position and that they would take her name to the full Advisory Board for approval. [Filing No. 1 at 3.] In August 2024, Ms. Ruggles was notified that the full Advisory Board had selected her to be the next Executive Director by unanimous decision. [Filing No. 1 at 3.] The Advisory Board told Ms. Ruggles that it had to submit her selection for the Executive Director position to the County Commissioners, which the Advisory Board stated was just a formality. [Filing No. 1 at 4.]

### C. The County Commissioners Reject Ms. Ruggles For the Executive Director Position

In October 2024, Ms. Ruggles was told that the County Commissioners were going to conduct their own interviews, which was not standard practice. [Filing No. 1 at 4.] On October 14, 2024, Ms. Ruggles met with the County Commissioners for an interview. [Filing No. 1 at 4.] Several weeks later, the County Commissioners told the Advisory Board that it was rejecting Ms. Ruggles for the Executive Director position and that the Advisory Board needed to submit another name. [Filing No. 1 at 4.]

The Advisory Board sent the name of the external female candidate to the County Commissioners, and the County Commissioners rejected that candidate and asked the Advisory Board to submit a third name. [Filing No. 1 at 4.] One of the County Commissioners

3

communicated to the Advisory Board members that the County Commissioners would only accept a male candidate for the Executive Director position. [Filing No. 1 at 4.]

On January 5, 2025, Ms. Ruggles received an email notifying her that she was not selected for the Executive Director position. [Filing No. 1 at 4.] On January 13, 2025, Hamilton County announced that Mr. Mulroony had been selected for the Executive Director position. [Filing No. 1 at 4.]

### D. The Lawsuit

Ms. Ruggles initiated this litigation on May 22, 2025, setting forth a claim for sex discrimination under Title VII. [Filing No. 1 at 5.] Hamilton County has now moved for judgment on the pleadings. [Filing No. 14.]

## III.
## DISCUSSION

Title VII prohibits employers from discriminating against employees based on their sex. 42 U.S.C. § 2000e-2(a)(1). It defines "employee" as follows:

> [A]n individual employed by an employer, **except that the term 'employee' shall not include** any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or **an appointee on the policy making level** or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f) (emphasis added).

Hamilton County argues that the Executive Director position fits squarely within the exception for "an appointee on the policy making level," so Ms. Ruggles cannot bring a discrimination claim under Title VII. [*See* Filing No. 15; Filing No. 20.] Ms. Ruggles argues that the Executive Director position does not fit within the "appointee" exception to Title VII because

4

the position does not constitute an appointee appointed by an elected official and is not policymaking in nature. [Filing No. 19.] The Court analyzes the parties' arguments below.

A. **Whether the Executive Director Is An "Appointee"**

Hamilton County asserts that the Executive Director is an appointee because Indiana statute provides that the Advisory Board shall appoint a director of Community Corrections, subject to the approval of the county executive (which is the County Commissioners). [Filing No. 15 at 6-7.]

Ms. Ruggles does not address Hamilton County's argument that the Executive Director is an appointee in her response. [*See* Filing No. 19.]

In its reply, Hamilton County asserts that Ms. Ruggles did not "seem to seriously dispute" in her response that the Executive Director position is an appointed one and reiterates its arguments to that effect. [Filing No. 20 at 5-8.]

Because Ms. Ruggles does not address Hamilton County's argument that the Executive Director is an appointee in her response brief, she has waived any argument to the contrary. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver."). In any event, Hamilton County's argument that the Executive Director is an appointee is well taken.

The Indiana Code provides that the County Commissioners are the "county executive," Ind. Code § 36-2-2-2, and that the county "may establish and operate a community corrections advisory board for the purpose of coordinating or operating community corrections programs," Ind. Code § 11-12-1-2. Indiana Code § 11-12-2-3.5 give the Advisory Board the power to "appoint a director of the community corrections program, subject to the approval of the county executive." This

statutory language indicates that the Advisory Board appoints the Executive Director, subject to the approval of the County Commissioners, making him or her an "appointee."

    **B.    Whether the Executive Director Is An Appointee "On the Policymaking Level"**

In support of its Motion for Judgment on the Pleadings, Hamilton County asserts that the Executive Director is an appointee on the policymaking level, relying on the definition of "community corrections program" provided in the Indiana Code and arguing that the Executive Director position "has meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." [Filing No. 15 at 9-10] (quotation and citation omitted).] Hamilton County also relies on the Executive Director job description, which it argues provides that the individual is "responsible for planning, developing, and implementing the Hamilton County Community Corrections program," and "must, among other things, supervise and direct personnel; monitor and oversee program activities for compliance with departmental policies; prepare periodic reports and annual budgets; and pursue additional sources of funding like grants." [Filing No. 15 at 10-11.]

In her response, Ms. Ruggles argues that the Executive Director position is not a policymaking-level position, asserting that the Court should not take judicial notice of the Executive Director job description because Hamilton County did not incorporate it into its Answer; "[t]here is nothing in the record at this stage of the litigation to show that this is the…position description in effect at the time Ms. Ruggles applied for the Executive Director role"; the description was written in January 2000 and revised in July 2013, "which further raises the question of whether the position description is applicable to the Executive Director role that [she] applied for in 2024"; and "[t]here is also nothing in the record regarding any further revisions to the position description after 2013." [Filing No. 19 at 7.] She asserts that "[w]ithout the benefit

6

of discovery to prove these issues, the position description is not capable of 'accurate and ready determination,' as required by Federal Rule of Evidence 201(b), and should not be judicially noticed." [Filing No. 19 at 7.] Ms. Ruggles contends that even if the Court takes judicial notice of the position description, it does not show that the Executive Director position is a policymaking one because the duties and responsibilities of the position "are not clearly defined by law and regulations" and the job description "shows that the Executive Director is carrying out day-to-day administrative functions" and "overseeing the day-to-day operations of the program and executing decisions already made by the [A]dvisory [B]oard." [Filing No. 19 at 7-10.]

Hamilton County argues in its reply that the Court should take judicial notice of the Executive Director job description and submits a Declaration from Brooke Richards, Hamilton County's Human Resources Administrator, which it argues "lays to rest any doubt about the County website job description's accuracy and applicability to the position that [Ms.] Ruggles applied for in 2024." [Filing No. 20 at 3.] Hamilton County argues that the Executive Director is an appointee at the policymaking level and notes that the Advisory Board is, by statute, "advisory" and that "[t]o suggest that a board statutorily constrained to advising is the policymaker, while a government agency's executive director is a ministerial role, is a difficult starting point." [Filing No. 20 at 9.] It points to various parts of the job description and asserts that the duties "require substantial discretion" and are "anything but ministerial." [Filing No. 20 at 10.]

In *Opp v. Office of State's Attorney of Cook Cnty.*, 630 F.3d 616 (7th Cir. 2010), the Seventh Circuit considered whether an individual was an appointee on the policymaking level such that she was not covered by the Age Discrimination in Employment Act ("ADEA"). Since the ADEA contains the same definition of "employee" as Title VII, 29 U.S.C. § 630(f), the Court finds *Opp* instructive. The Seventh Circuit found that "[a]n individual is considered an appointee on the

7

policymaking level if the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Id.* at 619 (quotation and citation omitted). It further stated that "the test for determining if someone is an 'employee'…is essentially indistinguishable from that applied in the political firing context under the *Elrod/Branti* doctrine," which is applied in First Amendment political patronage cases. *Id.* at 620 (quotation and citation omitted). The Seventh Circuit stated that courts should consider "the powers inherent in a given office, as opposed to the functions performed by a particular occupant of that office," and that when "the duties and responsibilities of a particular position are clearly outlined by law,…the court may make the determination, as a matter of law, that a certain position involves policymaking." *Id.* at 620-21 (citation omitted). When, however, the duties and responsibilities are not clearly defined by statute, "a factual analysis of the [individual's] actual job duties" is necessary. *Id.* at 621.

    1.  *Statutory Description of Executive Director Position*

The Court looks first to whether Indiana statute defines the duties of the Executive Director position. Hamilton County relies on the following Indiana Code provisions to support its argument that the Executive Director position is a policymaking one:

- Ind. Code § 11-12-1-1, which defines "community corrections program" as "a community based program that provides preventive services, services to offenders, services to persons charged with a crime or an act of delinquency, services to persons diverted from the criminal or delinquency process, services to persons sentenced to imprisonment, or services to victims of crime or delinquency, and is operated under a community corrections plan of a county and funded at least in part by the state subsidy provided in IC 11-12-2";

- Ind. Code § 11-12-1-2, which states that "[n]otwithstanding any other law, a county or any combination of counties may establish and operate a community corrections advisory board for the purpose of coordinating or operating community corrections programs. The county, in consultation with the

advisory board, shall coordinate or operate community corrections programs for any of the following: (1) The prevention of crime or delinquency. (2) Persons sentenced to imprisonment in a county or local penal facility other than a state owned or operated facility. (3) Committed offenders. (4) Persons ordered to participate in community corrections programs as a condition of probation"; and

- Ind. Code § 11-12-1-2.5(a), which states that "[t]he community corrections programs described in section 2 of this chapter shall use evidence based services, programs, and practices that reduce the risk of recidivism among persons who participate in the community corrections programs."

Ind. Code § 11-12-1-1 simply defines the community corrections program and while Ind. Code §§ 11-12-1-2 and 11-12-1-2.5(a) outline the functions of the county, the Advisory Board, and the community corrections program, none of those provisions sets forth the duties of the Executive Director. Indeed, none mentions the Executive Director at all. The Court finds that the duties and responsibilities of the Executive Director position are not clearly outlined by law, and goes on to analyze the Executive Director's job duties in view of the facts set forth in the Complaint.

> 2. *Allegations Related to the Executive Director Position*

The Court notes at the outset that Hamilton County has submitted a Declaration from Brooke Richards, the current Human Resources Administrator for Hamilton County, in which she states that the job description for the Executive Director position that currently appears on Hamilton County's public website is substantially the same description of the position that was in effect when Ms. Ruggles applied in 2024. [*See* Filing No. 20-1 at 2.] Hamilton County requests that the Court take judicial notice of the Executive Director job description. [*See, e.g.*, Filing No. 20 at 2.]

Generally, a court must convert a motion for judgment on the pleadings to a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the

9

court." Fed. R. Civ. P. 12(d); see also *Federated Mut. Ins. Co.*, 983 F.3d at 313 (citations omitted). However, a court may take judicial notice of documents outside of the pleadings, such as public records, without converting the motion to one for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The Seventh Circuit has "recognized the authority of a court to take judicial notice of government websites." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011).

The Court takes judicial notice that the Executive Director position is currently described on Hamilton County's website at https://www.hamiltoncounty.in.gov/DocumentCenter/View/29702/Executive-Director. However, Hamilton County wants the Court to take its judicial notice a step further and to accept as true Ms. Richards' assertion that the job description in place in 2024 when Ms. Ruggles applied for the Executive Director position was substantially the same as the job description that currently appears on Hamilton County's website.[1] The Court declines to take judicial notice that the position description on Hamilton County's website today was also in effect when Ms. Ruggles applied for the Executive Director position in 2024 – a leap in logic which is integral to Hamilton County's reliance on the job description to show that the Executive Director position was a policymaking one. The Court will not consider Ms. Richards' Declaration to that effect because whether the current job description matches the 2024 job description is not "generally known within the…court's territorial jurisdiction" and cannot "be accurately and readily determined from sources whose accuracy cannot reasonably questioned." Fed. R. Evid. 201(b)

---

[1] Ms. Richards states in her Declaration that "[t]he only difference [she has] found is that in the description posted on the website, the word 'typewriter' is listed in the following job requirement – 'Ability to properly use various department equipment, including computer, printer, typewriter, cop[i]er, fax machine, cellular telephone, and pager' – whereas the position description that [Ms.] Ruggles applied [for]…does not contain the word 'typewriter' in the similar job requirement section." [Filing No. 20-1 at 2.]

(titled "Kinds of Facts That May Be Judicially Noticed"). Further, Ms. Ruggles has not had a chance to develop facts on that issue at this stage of the litigation, which is focused only on the pleadings. Simply taking Ms. Richards' word for it is not permissible. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (the principle of a court considering documents outside of the pleadings "is not intended to grant litigants license to ignore the distinction between motions to dismiss [or motions for judgment on the pleadings] and motions for summary judgment").

Because it is not clear that the Executive Director job description that currently appears on Hamilton County's website is the description that was in effect when Ms. Ruggles applied for the position, the Court does not consider whether the description indicates that the position was one involving policymaking. Rather, it finds that Hamilton County has not shown that there are no disputed issues of material fact regarding whether the Executive Director was an appointee on the policymaking level and so not considered an employee under Title VII. Accordingly, the Court **DENIES** Hamilton County's Motion for Judgment on the Pleadings.[2] [Filing No. 14.]

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Hamilton County's Motion for Judgment on the Pleadings, [14].

Date: 9/17/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

---

[2] Given this finding, the Court need not and will not consider Ms. Ruggles' argument that the Executive Director must be appointed by an elected official in order to be exempt from Title VII. The Court does find, however, that Ms. Ruggles has waived any opposition to Hamilton County's argument that the Executive Director is not an employee subject to the civil service laws of a State government, governmental agency, or political subdivision, such that he or she would fall outside of Title VII's "appointee" exception, because she did not address that argument in her response. *Bonte*, 624 F.3d at 466.

11